THE STATE, EX REL. HARTUNG, APPELLANT, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

[Cite as State, ex rel. Hartung, *v.* Columbus (1990), 53 Ohio St. 3d 257.]

(No. 89-883—Submitted June 5, 1990—Decided September 12, 1990.)

*Michael J. Muldoon,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Alys M. Portman* and *Michael L. Squillace,* for appellee Industrial Commission.

*Gay Gilbert,* for appellee city of Columbus.

*Per Curiam. State, ex rel. Mitchell,* v. *Robbins & Myers, Inc., supra,* held: "'* * * [D]istrict hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested.* * *'" *Id.* at 483-484, 6 OBR at 533-534, 453 N.E. 2d at 724.

Appellant contends that the commission abused its discretion by failing to explain why the nonmedical disability factors on which the commission relied did not render him permanently and totally disabled. We reject this contention for two reasons. First, consideration of nonmedical disability (*Stephenson*) factors is not always necessary to deny an application. Second, even when such consideration is necessary, we hold that an acknowledgement that such factors were considered, together with an indication of which evidence was relied on, is sufficient to satisfy *Mitchell.* However, we admonish the commission to clearly indicate whether applications are denied because: (1) the disability is not permanent, (2) the inability to work is not causally related to the allowed condition, or (3) the disability is not total, *i.e.,* the claimant is able to perform sustained remunerative employment.

In a permanent total disability determination, the nonmedical disability factors set forth in *Stephenson, supra,* are relevant *only* to the claimant's ability to engage in sustained remunerative employment. As we stated in *State, ex rel. Lawrence,* v. *American Lubricants Co.* (1988), 40 Ohio St. 3d 321, 322, 533 N.E. 2d 344, 346:

"'* * * A person's medically based capacity for certain employment is immaterial if age, work experience or education forecloses him or her from such employment."

However, inability to perform sustained remunerative employment is only one element of permanent total disability. The claimant must also establish that the disability is permanent and that the inability to work is causally related to the allowed conditions. See *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E. 2d 1. Nonmedical *Stephenson* factors are irrelevant to the latter two elements, and failure to prove any one of the three elements will support a denial of permanent total disability benefits. Nonmedical evidence is there-

fore not always a factor in denying permanent total disability compensation.

In the case before us, the commission did not clearly indicate which permanent total disability criteria appellant did not satisfy. We addressed a similar problem in *Mitchell, supra. Mitchell* involved temporary total disability compensation which, like permanent total disability compensation, may be denied for several reasons. See *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. Similarly, the denial order at issue in *Mitchell* merely indicated that the claimant was "not totally disabled at this time." *Id.* at 481, 6 OBR at 532, 453 N.E. 2d at 722. On appeal to this court, two conflicting interpretations of the order were advanced, with one party contending that the order reflected a finding by the commission that the claimant could return to work, and the other arguing that the order resulted from a finding that the claimant's disability was unrelated to the allowed conditions.

Being unable to discern the basis for the commission's decision in *Mitchell,* we criticized the order's vagueness, stating that it "highlights a problem which is becoming increasingly prevalent; that is, the commission's failure to state with any precision the basis for its decisions. * * * In the present case, this problem is exemplified as a result of the parties' dispute over the meaning of the district hearing officer's report." *Id.* at 483, 6 OBR at 533, 453 N.E. 2d at 724.

Since *Mitchell,* commission orders dealing with temporary total disability have generally been more specific, setting forth the particular *Ramirez* criteria relevant to the decision. Orders denying permanent total disability benefits, however, remain frustratingly vague. These orders often indicate only that the claimant is "not permanently and totally disabled." Again, such general wording provides no insight into the basis for the commission's decision and can lead to the sort of confusion seen here. Accordingly, we reiterate the commission's duty to clarify its orders in this respect.

In this case, assuming, as the record suggests and appellant appears to believe, that denial was based on appellant's ability to work, we nonetheless reject appellant's contention that *Mitchell* requires a more extended explanation of the nonmedical factors on which the commission relied. Appellant apparently believes that certain combinations of medical and nonmedical disability factors compel, or at least strongly suggest, a permanent total disability award as a matter of law. This is incorrect. Aside from R.C. 4123.58(C), which is inapplicable here, there is no automatic permanent total disability formula.

Many combinations of factors are possible. The commission alone weighs these factors. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 22 O.O. 3d 400, 429 N.E. 2d 433. We, moreover, will not interfere unless the commission: (1) fails to indicate that it considered nonmedical factors contained in the record, *Stephenson, supra;* (2) fails to indicate which evidence it relied on, *Mitchell, supra;* or (3) abuses it discretion by making an order unsupported by some evidence, *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. None of these deficiencies appears here.

In the instant case, the medical reports and statement of facts relied on indicate that appellant had a psychological impairment of five percent and an orthopedic impairment of twenty percent. He was sixty years old

at the time of application and had an eleventh grade education. He was employed for many years after his initial injury in 1967. Moreover, although their conclusions are not determinative, all of the medical reports relied on by the commission indicated that appellant was capable of some sustained remunerative employment. Obviously, the commission was not convinced that the combination created permanent total disability. We find no abuse of discretion.

We hold, therefore, that there was some evidence that the appellant was not permanently and totally disabled on which the commission could rely, and on which it sufficiently indicated that it did rely. No more is required. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.