THE STATE EX REL. BLAKE, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Blake v. Indus.
Comm.* (1992), 65 Ohio St.3d 453.]

(No. 91–1575—Submitted September 22, 1992—Decided December 11, 1992.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy* and *Anthony Dittmeier,* for appellant.

*Lee I. Fisher,* Attorney General, *Dennis L. Hufstader* and *Cordelia A. Glenn,* Assistant Attorneys General, for appellees.

*Per Curiam. State ex rel. Noll, supra,* reiterated the commission's "responsibility to prepare fact-specific orders which will be meaningful upon review." *Id.* at 206, 567 N.E.2d at 248. The commission's boilerplate recitation of the nonmedical disability factors set forth in *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, would no longer suffice. Instead, the order "must specifically state what evidence has been relied upon to reach its conclusion and, most important, briefly explain the basis of its decision." *Noll,* 57 Ohio St.3d at 206, 567 N.E.2d at 249.

The parties agree that *Noll* has been violated, warranting a return to the commission for amended order. A return will also resolve some of claimant's ancillary complaints—his claim, for example, that the commission allegedly failed to consider vocational and rehabilitation reports in his file. Claimant has appealed nonetheless, alleging that a return to the commission will only perpetuate an ongoing commission abuse of discretion. Claimant maintains that contrary to R.C. 4121.32(C)(12), the commission has not created guidelines for evaluating permanent total disability compensation applications. As a result, claimant contends, permanent total disability is arbitrarily adjudicated and due process is denied.

Claimant's contention that there are no standards for determining permanent total disability ignores numerous judicial decisions that have set forth permanent total disability criteria. Recent cases have, for example:

(1) Defined "permanent total disability" as an inability to perform sustained remunerative employment due to allowed conditions, *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420;

(2) reiterated the commission's exclusive responsibility for deciding disability, *State ex rel. Stephenson, supra;*

(3) ordered the commission to consider nonmedical disability factors, *id.* (The court has since held that failure to consider these factors is excused where the commission has based an award for benefits for permanent total disability on medical evidence of permanent total impairment, *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* [1991], 60 Ohio St.3d 38, 573 N.E.2d 60.);

(4) held that participation in the commission's rehabilitation program was not a prerequisite to consideration of a claim for permanent total disability compensation, *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64 Ohio St.3d 190, 593 N.E.2d 1390;

(5) made voluntary retirement a bar to permanent total disability benefits, *State ex rel. Chrysler Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 193, 580 N.E.2d 1082;

(6) instructed the commission to implement measures responsive to applicants for permanent total disability compensation who were already receiving temporary total disability compensation, *State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46 (The commission has since adopted hearing procedures that have eliminated the gap between termination of temporary total disability compensation due to a condition's permanency, and the commencement of permanent total disability benefits. See *State ex rel. Ford Motor Co. v. Indus. Comm.* [1992], 65 Ohio St.3d 17, 599 N.E.2d 261, which should be read to approve the commission's policy in this regard);

(7) reaffirmed an absentee commissioner's duty to review evidence of permanent total disability evidence in some meaningful manner before voting, *State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920.

R.C. 4121.32(C)(12), as it read at the times relevant herein, and now, requires the commission to "develop, adopt, and use a policy manual setting forth the guidelines and bases for decision-making" in cases of permanent total disability. The commission concedes that no such policy manual exists. While we do not find that the absence of a manual offends due process, we

remind the commission that R.C. 4121.32(C)(12)'s directive is mandatory, not discretionary. We strongly believe that creation of such guidelines can only serve to ensure that permanent total disability compensation applications are adjudicated in a fair and consistent manner. The commission should now implement the requirement set forth in R.C. 4121.32(C)(12).

We conclude that any deficiencies in the commission's order will be remedied once it is returned to that body and amended. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.