OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.


The State ex rel. Joseph, Appellant, v. Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Joseph v. Indus. Comm. (1994), Ohio St.3d      .]
Workers' compensation -- Industrial Commission's order denying
     permanent total disability compensation must specifically
     state what portion of the evidence has been relied upon,
     and briefly explain the reasoning for its decision.
     (No. 93-1362 -- Submitted March 22, 1994 -- Decided May 18, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-470.

Appellant-claimant, Marie Joseph, was injured in the course of and arising from her employment with appellee B.F. Goodrich Company. Her workers' compensation claim has been recognized for "contusion and possible sprain low back; acute lumbar back pain; acute thrombophlebitis of the left calf, contusion right shoulder; aggravation of pre-existing degenerative osteoarthritis of the lumbosacral spine." In 1987, claimant moved appellee Industrial Commission for permanent total disability compensation.

The attending physician, Robert S. Caulkins, attributed claimant's reported inability to work to "herniated lumbar intervertebral disc" and "traumatic fibrosis of her cervical, dorsal and lumbar back" - - all nonallowed conditions. Claimant's consulting physician, Dr. W. Jerry McCloud, noted that claimant's "primary complaints are those related to back pain and limitation of motion but then she does have complaints of left leg pain which indeed do sound radicular in nature." He concluded:

"In summary, this individual has loss of lumbar reserve and function as described and also has chronic neurological changes which I suspect involve the 5th lumbar nerve root into her left lower extremity. She would require a wide variety of restrictions to protect her from further problems related to her back as well as to the radicular changes into her left lower extremity. Further, her claim is allowed for osteoarthritis, and this is a progressive problem, and she

would need a myriad of restrictions in that regard. I think the weight of the medical evidence would indicate that it is not reasonable to expect her to perform comfortably in the future.

"It is my opinion that the medical evidence would indicate that this patient should be considered permanently and totally impaired."

Claimant's vocational consultant, Anthony C. Riccio, felt that claimant was permanently and totally disabled, observing that:

"1. The claimant is well into retirement age.

"2. The claimant has a limited education.

"3. The claimant has never done sedentary work nor does she have any skills relevant to sedentary work.

"4. The claimant has not worked for about fifteen years.

"5. The claimant has been found to be disabled by both her employer (1978) and by an objective administrative law judge of the Social Security Administration (1980).

"6. The claimant's loss of one-fourth function of her right upper extremity and marked restrictions in range of lumbar motion would rule out competitive performance of unskiled [sic] sedentary work. From a vocational perspective, this claimant is permanently and totally disabled."

On the commission's behalf, Dr. John R. Schwarzell assessed a zero to ten percent impairment attributable to claimant's thrombophlebitis. Dr. Timothy Fallon concluded that claimant could:

"[B]e capable of carrying out work activities that did not involve lifting beyond 25 lbs. This lifting restriction is going to be in place permanently. It would not preclude, however, all types of work activities. * * * From the standpoint of the musculoskeletal condition which includes the back and shoulder, she would have a permanent partial impairment of some 20%."

Fallon's enumeration of the allowed conditions, however, did not include claimant's arthritic condition, nor does his discussion suggest an awareness of the condition's allowance in the claim.

Dr. Paul H. Dillahunt performed a combined-effects file review. He assessed a fifty-one percent permanent partial impairment and reported that medically claimant could not return to her former job, but could do sedentary work.

The commission denied claimant's permanent total disability motion, writing:

"The reports of Drs. Caulkins, McCloud, Schwarzell, Fallon, Meyer, Dillahunt, Doege and vocational expert, Anthony C. Riccio were reviewed and evaluated. This order is based particularly upon the reports of Drs. Schwarzell, Fallon and Dillahunt, the evidence in the file and the evidence adduced at the hearing.

"It is found that this claimant is 67 years of age and has an eleventh grade education. The claimant's work history is in factory labor. The reports of Drs. Schwarzell and Fallon state a relatively low degree of impairment (0-10% and 20-27%, respectively). The combined effects review by Dr. Dillahunt found that the claimant is capable of sustained remunerative employment. It is therefore found that this claimant is not

permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to compel the commission to award permanent total disability compensation. The court of appeals found that the order violated State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245, but declined to order the relief sought, returning the cause for further consideration and an amended order instead.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Lee Fisher, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.

Vorys, Sater, Seymour & Pease and Robert E. Tait, for appellee B.F. Goodrich Company.

Per Curiam. The commission's order violates Noll, supra, because it does not explain how the vocationally unfavorable nonmedical factors it cited combined with medical evidence of claimant's ability to work to establish that claimant is capable of other work. We must thus determine which of our previous decisions -- Noll or State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666 -- dictates the more appropriate relief in this case. For the reasons to follow, we select the former.

Gay permits a court to dispense with traditional Noll relief in those limited situations where the commission's decision so conflicts with the evidence as to render further consideration by the commission pointless. The stated medical evidence makes this case inappropriate for an order pursuant to Gay, because it is unclear what claimant is physically capable of doing.

Claimant relies on the McCloud and Caulkins reports. Both doctors, however, based their conclusions of an inability to work largely on nonallowed conditions. Caulkins refers almost exclusively to "herniated lumbar intervertebral disc" and "traumatic fibrositis of her cervical, dorsal and lumbar back." Much of McCloud's report is devoted to radicular problems as well as the allowed conditions. It is thus unclear to what extent claimant's allowed conditions affected these doctors' opinions of her ability to work.

Dr. Fallon's report is equally unenlightening, but for the opposite reason -- while McCloud and Caulkins considered more than the allowed conditions, Fallon considered less. Fallon's report does not mention claimant's allowed arthritic condition, which is possibly her most significant problem.

These flaws necessarily taint Dr. Dillahunt's report as well, since his opinion was based, not on personal observation, but on a review of the very evidence criticized above. So, too, with Riccio's vocational report, which, in opining on the extent of claimant's disability, necessarily considered the degree of physical impairment involved. Since the latter would have been derived from the enumerated medical reports, the report was not unaffected by these deficiencies.

Since the true extent of claimant's physical impairment

attributable solely to the allowed conditions is unknown, Gay is inapplicable.  Obviously, the impact of claimant's nonmedical factors will be much greater if her allowed conditions leave her with a capacity for sedentary work only.  On the other hand, a residual ability to do moderately strenous work may permit employment within the range of vocational skills that claimant possesses.  For these reasons, claimant cannot at this point assert the clarity of permanent total disability that Gay demands.

Claimant also objects to the commission's physician's reliance on the AMA combined values impairment chart to determine impairment percentage.  We find this challenge unpersuasive, as is claimant's allegation of a due process violation arising from a lack of permanent total disability guidelines, the latter having already been rejected in State ex rel. Blake v. Indus. Comm. (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

Accordingly, the commission is ordered to further consider the claimant's motion and issue an amended order.

The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.