THE STATE EX REL. JOSEPH, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Joseph v. Indus.
Comm.* (1994), 69 Ohio St.3d 330.]

(No. 93–1362—Submitted March 22, 1994—Decided May 18, 1994.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Lee Fisher,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Industrial Commission.

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellee B.F. Goodrich Company.

---

*Per Curiam.* The commission's order violates *Noll, supra,* because it does not explain how the vocationally unfavorable nonmedical factors it cited combined with medical evidence of claimant's ability to work to establish that claimant is capable of other work. We must thus determine which of our previous decisions—*Noll* or *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666—dictates the more appropriate relief in this case. For the reasons to follow, we select the former.

*Gay* permits a court to dispense with traditional *Noll* relief in those limited situations where the commission's decision so conflicts with the evidence as to render further consideration by the commission pointless. The stated medical evidence makes this case inappropriate for an order pursuant to *Gay,* because it is unclear what claimant is physically capable of doing.

Claimant relies on the McCloud and Caulkins reports. Both doctors, however, based their conclusions of an inability to work largely on nonallowed conditions. Caulkins refers almost exclusively to "herniated lumbar intervertebral disc" and "traumatic fibrositis of her cervical, dorsal and lumbar back." Much of McCloud's report is devoted to radicular problems as well as the allowed conditions. It is thus unclear to what extent claimant's allowed conditions affected these doctors' opinions of her ability to work.

Dr. Fallon's report is equally unenlightening, but for the opposite reason—while McCloud and Caulkins considered more than the allowed conditions, Fallon considered less. Fallon's report does not mention claimant's allowed arthritic condition, which is possibly her most significant problem.

These flaws necessarily taint Dr. Dillahunt's report as well, since his opinion was based, not on personal observation, but on a review of the very evidence criticized above. So, too, with Riccio's vocational report, which, in opining on the extent of claimant's disability, necessarily considered the degree of physical impairment involved. Since the latter would have been derived from the enumerated medical reports, the report was not unaffected by these deficiencies.

Since the true extent of claimant's physical impairment attributable solely to the allowed conditions is unknown, *Gay* is inapplicable. Obviously, the impact of claimant's nonmedical factors will be much greater if her allowed conditions leave her with a capacity for sedentary work only. On the other hand, a residual ability to do moderately strenuous work may permit employment within the range of vocational skills that claimant possesses. For these reasons, claimant cannot at this point assert the clarity of permanent total disability that *Gay* demands.

Claimant also objects to the commission's physician's reliance on the AMA combined-values impairment chart to determine impairment percentage. We find this challenge unpersuasive, as is claimant's allegation of a due process violation arising from a lack of permanent total disability guidelines, the latter having already been rejected in *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

Accordingly, the commission is ordered to further consider the claimant's motion and issue an amended order.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.