OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Unger, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. Unger v. Indus. Comm. (1994), Ohio St.3d .]

Workers' compensation -- Denial of permanent total disability compensation -- Due process violation asserted based on alleged ex parte communications between company and Industrial Commission -- Commission's order upheld, when -- Commission's adoption of order written by company permissible, when -- Lack of written commission guidelines on permanent total disability evaluations is insufficient to invalidate commission's order.

(No. 93-1726 -- Submitted August 31, 1994 -- Decided November 9, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-755.

Appellant-claimant, James L. Unger, sustained two injuries in the course of and arising from his employment with appellee Columbus & Southern Ohio Electric ("CSOE", now known as Columbus Southern Power Company). Claimant sought permanent total disability compensation in 1988. Among the medical evidence before appellee Industrial Commission were reports from Doctors Robert B. Larrick, Paul F. Gatens, Jr., and John Q. Brown, all of which concluded that claimant could do sedentary work. A "functional capacity assessment" submitted by claimant from Baxter Sportmed concluded that claimant was "not realistically employable." A vocational assessment from Ability Recovery Services, Inc. ("ARS"), found a capacity for sedentary sustained employment.

The commission heard claimant's application on August 21, 1991. What followed is unclear. It is known only that on September 3, 1991, counsel for CSOE wrote to commission chairman Colasurd:

"Pursuant to your request from our August 22, 1991 hearing, please find enclosed a proposed Order of the Industrial Commission relative to your findings that the claimant is not permanently and totally disabled."

The commission's denial order was mailed one month later.

It contained, verbatim, several of the findings proposed by CSOE.

On October 15, 1991, CSOE's counsel again wrote the chairman:

"Please find enclosed the order of the Industrial Commission which I received on October 8, 1991, denying permanent total disability. Please also find enclosed a copy of my previously filed proposed findings which you requested after the hearing.

"As you will note, a number of proposed findings were deleted or changed in the order that was issued. I am not sure whether this was an intentional act by the Commission. If these were editorial mistakes, I have highlighted the portions of my findings that were not included or changed in the eventual order of the Commission, and I ask that you consider issuing a corrected order if that is your intent."

The corrected order that followed incorporated all of CSOE's proposals and read as follows:

"[T]he claimant is not permanently and totally disabled for the reason that the disability is not total; that is, the claimant is able to perform sustained remunerative employment * * *.

"The reports of Doctor(s) Rocco, Larrick, Gatens and Brown were reviewed and evaluated. Further, the vocational report from Ability Recovery Services dated 4/18/90 and the vocational report from Baxter Work Eval, dated 5-24-91 and the supplement, dated 8-13-91 were considered. Further considered was the Ohio Labor Market data of 4/19/91.

"The order is based particularly upon the reports of Doctor(s) Larrick, Gatens and Brown and the report of Ability Recovery Services, the evidence in the file and/or evidence adduced at the hearing.

"It is particularly noted that the claimant, 61 years old, has a high school education and has significant experience in the work force, having worked in five other previous occupations. The greater balance of the medical and vocational evidence indicates that the claimant is capable of performing sustained remunerative employment of sedentary to light duty nature. The report of Ability Recovery Services indicates that there are occupations that the claimant could immediately obtain within the local labor market. The report from Baxter speaks in generalities as to the local labor market, whereas the report from Ability Recovery Services indicates two specific jobs to which the claimant could receive immediate placement: telephone solicitor and lock assembler.

"Further, the claimant was examined by two Commission Specialists, a physical maintenance rehabilitation specialist, and an orthopedic specialist, both of whom opined that the claimant has relatively low permanent impairment and is not permanently and totally impaired from a medical standpoint.

"Given the lack of medical evidence supporting a significant medical impairment [and] the vocational evidence supporting an ability to perform work readily available within the claimant's local labor market, it is the decision of the Commission that the claimant is not permanently and totally disabled."

Claimant filed a complaint in mandamus in the Court of

Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, for appellant.

Porter, Wright, Morris & Arthur, Karl J. Sutter and Christopher C. Russell, for appellee Columbus Southern Power Company.

Lee Fisher, Attorney General, Michael P. O'Grady and Richard A. Hernandez, Assistant Attorneys General, for appellee Industrial Commission.

Per Curiam. There are three components to claimant's challenge, involving both the order itself and the circumstances surrounding its issuance. Claimant poses two challenges to the circumstances preceding the commission's final order. Claimant initially asserts a due process violation based on allegedly ex parte communications between CSOE and the commission. Claimant's argument fails for two reasons.

First, the record does not identify the extent, if any, to which ex parte communications actually took place. Because the claimant was already on notice as to the disposition of his application after the first denial order issued, the only relevant time frame for examining any ex parte contact is the period between the first hearing and the first denial. The record, however, provides an incomplete picture of events therein. It is known only that on September 3, 1991, CSOE, "pursuant to your [the commission's] request from our August 22, 1991 hearing," tendered a proposed denial order. Unfortunately, the parties disagree as to whether the permanent total disability denial and draft request were announced at the permanent total disability hearing. Thus, the extent to which CSOE's submission of the order was unknown to claimant is not revealed.

Second, assuming arguendo that ex parte communication occurred, it does not automatically constitute a due process violation. As stated in Southwest Sunsites, Inc. v. Fed. Trade Comm. (C.A. 9, 1986), 785 F.2d 1431, 1436-1437:

"Ex parte communications do not void an agency decision. PATCO v. FLRA, 685 F.2d 547 (D.C. Cir., 1982). The agency decision is voidable and the court will consider whether 'the agency's decisionmaking process was irrevocably tainted so as to make the ultimate judgment of the agency unfair, either to an innocent party or to the public interest that the agency is obliged to protect.' Id. at 564. Relevant considerations are the gravity of the ex parte communication, whether the communication may have influenced the decision, whether the party making the communication benefited from the decision, whether opposing parties knew of the communication and had an opportunity to rebut, and whether vacation and remand of the decision would serve a useful purpose. Id. The court is concerned primarily with the integrity of the process and the fairness of the result rather than adherence to mechanistic

rules.  Id.

"Petitioner's allegation must overcome a presumption of honesty and integrity on the part of the Commission, and thus a presumption that the decision rests on proper grounds.  Porter County Chapter v. Nuclear Regulatory Commission, 606 F.2d 1363, 1371 (D.C. Cir. 1979)."  See, also, Withrow v. Larkin (1975), 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712; Haller v. Robbins (C.A. 1, 1969), 409 F.2d 857; North Carolina v. Environmental Policy Inst. (C.A. 4, 1989), 881 F.2d 1250; Massman Constr. Co. v. Tennessee Valley Auth. (C.A. 6, 1985), 769 F.2d 1114; Verdin v. O'Leary (C.A. 7, 1992), 972 F.2d 1467; United States v. Frazin (C.A. 9, 1986), 780 F.2d 1461.

We employed similar reasoning in In re Investigation of Natl. Union Fire Ins. Co. of Pittsburgh, Pa. (1993), 66 Ohio St.3d 81, 609 N.E.2d 156.  Rejecting a constitutional claim arising out of alleged ex parte communications, we wrote:

"Incumbent upon National Union was the burden to overcome the presumption of honesty and integrity affording those serving as adjudicators.  Withrow v. Larkin (1975), 421 U.S. 35, 47, 95 S. Ct. 1456, 1464, 43 L.Ed. 2d 712, 723.  In the absence of such proof and taking the administrative process as a whole, we are unable to agree with National Union that such ex parte communications, standing alone, violated its right to due process."  Id., 66 Ohio St.3d at 88, 609 N.E.2d at 161.

In this case, claimant has neither established that the commission's decision to deny permanent total disability was influenced by ex parte contact nor has it overcome the presumption of honesty and integrity that attaches to the commission's deliberations and decisions.  Accordingly, claimant's due process argument fails.

Claimant also attacks the commission's adoption of an order written by CSOE.  Claimant, however, cites no authority that requires that an order be personally written by one of the voting commissioners.  So long as the order reflects the reasoning of the commission gained by the commission's meaningful review of the evidence -- as State ex rel. Ormet Corp. v. Indus. Comm. (1990), 54 Ohio St. 3d 102, 561 N.E.2d 920, demands -- authorship is not dispositive.

Claimant's reliance on Logue v. Wilson (1975), 45 Ohio App. 2d 132, 74 O.O. 2d 140, 341 N.E.2d 641, is misplaced. Logue prohibits a court from adopting and entering judgment on a referee's report that does not state the basis of its findings and recommendation.  Such a deficient report forecloses independent judicial evaluation, and the adoption of such a report, the court held, equated to judicial rubber-stamping.

The present case is distinguishable in two respects. First, unlike the judge in Logue, the decision-maker in this case attended the evidentiary hearing.  The commission was not, therefore, dependent on another's assimilation of the evidence.  Second, the proposed order in the instant case did not lack written findings in support.  To the contrary, the CSOE draft contained extensive findings that the commission was free to either accept or reject upon independent evidentiary review.

Claimant also challenges the commission's reliance on the ARS vocational report.  The commission, however, is the

exclusive evaluator of evidentiary weight and credibility. State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. It was the commission's prerogative to find the ARS report more persuasive than that of Baxter Sportmed.

Claimant's challenge, despite his protestations to the contrary, simply reflects, in our view, claimant's disagreement with the report's characterization of his medical profile. For example, while claimant viewed his age, education and work history as impediments to reemployment, ARS disagreed.

Claimant also accuses ARS of improperly evaluating a "theoretical individual" rather than claimant. This assertion is based on ARS's evaluation of claimant's nonmedical data without actually examining claimant. However, with one exception, claimant does not allege that any of the data evaluated was inaccurate. Moreover, that the evaluator allegedly misunderstood claimant's most recent job duties is immaterial, since the employer does not dispute the medical consensus that claimant cannot return to that job.

To invalidate the ARS report under claimant's theory would in effect be to hold that any report that is not based on personal examination cannot constitute "some evidence." Such a ruling would conflict with State ex rel. Wallace v. Indus. Comm. (1979), 57 Ohio St.2d 55, 11 O.O.3d 216, 386 N.E.2d 1109, State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165, 22 O.O.3d 400, 429 N.E.2d 433, and State ex rel. Paragon v. Indus. Comm. (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372, all of which have approved the evidentiary validity of reports issued by nonexamining physicians.

Claimant alleges that the ARS report did not consider the effect of his pain on his ability to work. The ARS report, however, was directed primarily at claimant's nonmedical capabilities. The three physicians' reports on which the commission relied all acknowledged claimant's complaints of pain. Thus, pain was factored into the overall analysis of permanent total disability. We accordingly find that the ARS report was "some evidence" on which the commission could rely.

Claimant lastly complains of the lack of written commission guidelines on permanent total disability evaluations. However, as we have previously held, the lack of guidelines is insufficient to invalidate the commission's order. State ex rel. Blake v. Indus. Comm. (1992), 65 Ohio St.3d 453, 605 N.E.2d 23.

For these reasons, the judgment of the court of appeals is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas and Resnick, JJ., dissent.