The State ex rel. Cangemi, Appellant, *v.* Industrial
Commission of Ohio, Appellee.

[Cite as *State ex rel. Cangemi v. Indus.
Comm.* (1995), 72 Ohio St.3d 453.]

(No. 93-2420—Submitted March 21, 1995—Decided July 5, 1995.)

454

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy; Hahn, Swadey & Pollock* and *Victor Hahn,* for appellant.

*Betty D. Montgomery,* Attorney General, *Michael O'Grady, Diane M. Meftah* and *Richard A. Hernandez,* Assistant Attorneys General, for appellee.

*Per Curiam.* Claimant seeks relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The appellate court declined to issue the relief requested, choosing instead to return the cause pursuant to *Noll.* We affirm its judgment.

Claimant's procedural arguments are dealt with first. Claimant raises two meritless due-process propositions, the first of which—lack of permanent total disability guidelines—was rejected in *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E.2d 23, and many times since.

Claimant also denies that he received a fair hearing, accusing the commission of ruling on his permanent total disability application prior to hearing. This assertion is based on the commission's adoption of suggested findings contained in a statement of facts prepared for the commission. This argument lacks persuasiveness as well.

*State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 561 N.E.2d 920—on which the claimant relies—declared that due process demands a meaningful evidentiary review by commission members. Claimant cannot dispute that the commission, per its order, reviewed and evaluated the evidence before it. Claimant cannot, therefore, credibly allege an *Ormet* violation.

The commission, moreover, did not offend due process by adopting the suggested findings of the subordinate who had also reviewed the evidence. *Ormet* was based largely on a series of United States Supreme Court cases arising from a USDA inquiry into the reasonableness of rates charged by market agencies. These four cases, cited in *Ormet, supra*—all captioned *Morgan v. United*

*States*—affirmed the ability of a decisionmaker to utilize evidentiary reports or summaries prepared by subordinates. *Morgan I* (1936), 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, for example, has been interpreted as follows:

"According to the opinion in the leading First Morgan case, the requirement is not that deciding officers must personally read the record but it is that they must personally 'consider and appraise' the evidence. The Court declared: 'Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates.' Since the only purpose of sifting and analyzing of evidence by subordinates is to save the time of the deciding officers, this necessarily means that deciding officers may 'consider and appraise' the evidence by reading the summary or analysis prepared by subordinates. The Supreme Court thus did not require in the First Morgan case that deciding officers must read all the evidence or even that they must directly read any of it. The requirement has to do with personal understanding of the evidence, not with the mechanics by which the understanding is developed. In common practice, deciding officers develop their understanding of evidence not only through reports of subordinates, but especially through summaries and explanations in briefs and oral arguments of parties." 2 Davis, Administrative Law Treatise (1958) 44–45, Section 11.03; see 3 Davis, Administrative Law Treatise (1980) 281–282, Section 17.3.

Claimant's second due process argument is accordingly rejected.

Next, claimant asserts that the commission did not "affirmatively consider" the Fink vocational report. The commission's order clearly indicates that Fink's report was "reviewed and evaluated," negating claimant's assertion otherwise. Claimant also seeks a nonallowed arthritic back condition factored into his permanent total disability assessment. Claimant argues that because the condition was allegedly aggravated by his industrial injury, the commission must consider it. We disagree.

Claimant alleges a causal relationship between injury and condition, via aggravation, that would make it amenable to formal allowance. *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920. Claimant, however, has failed to explain why he has not sought allowance for his arthritic back condition, and, in so doing, provides no reason why we should revisit the question of consideration of nonallowed conditions. We decline, therefore, to consider this issue further at this time.

Claimant lastly seeks a writ to compel permanent total disability compensation pursuant to *Gay, supra.* While we find that the commission's order does not satisfy *Noll, supra,* it does not merit relief consistent with *Gay* either.

In this instance, *Noll* noncompliance stems from the commission's inadequate treatment of claimant's nonmedical disability factors. Its discussion of claimant's

work history consists merely of a string cite of claimant's former jobs. How this prior experience interacts with claimant's medical restrictions was never explored. Equally important, claimant's age and seventh grade education are never mentioned. We find this to be unacceptable.

*Gay* relief is equally untenable, given the conflicting medical evidence before us. While perhaps the reports of Drs. McCloud and certainly Ljuboja favor permanent total disability compensation, Drs. Trangle and Elmer indicate that there is no underlying impairment whatsoever attributable to the allowed conditions. The evidence therefore does not have the requisite one-sidedness common to successful claims for *Gay* relief.

The appellate court judgment is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.