[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 256.]

THE STATE EX REL. RECORDS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Records v. Indus. Comm.*, 1996-Ohio-129.]

*Workers' compensation—Application for permanent total disability compensation—Industrial Commission's denial of application not an abuse of discretion when the explanation of the commission's reasoning is not perfect but is based upon evidence in the record and does give some explanation for its conclusion.*

(No. 94-975—Submitted October 24, 1996—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD03-443.

————————————

{¶ 1} Appellant-claimant, Anthony P. Records, was injured in the course of and arising from his employment with Schneider Sheet Metal, Inc. His workers' compensation claim was allowed for back and neck injuries. Claimant eventually moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. Among the evidence before the commission was the report of Dr. Bernard B. Bacevich. He assessed a fifteen percent permanent partial impairment for the allowed back conditions and assigned the same value to claimant's allowed neck conditions. He stated claimant could not do bending or lifting over ten pounds. He opined that claimant could do "light gainful sustained remunerative employment."

{¶ 2} Dr. Clarence J. Louis felt claimant could do sedentary work and found a twenty percent permanent partial impairment attributable to the allowed conditions. Dr. Paul H. Dillahunt, in a combined effects review, concurred with Louis' assessment of claimant's work capacities and reported a forty percent combined effects permanent partial impairment.

{¶ 3} The commission on January 13, 1993, denied permanent total disability compensation, writing:

"*** [C]laimant is not permanently and totally disabled for the reason that the disability is not total; that is, that claimant is able to perform sustained remunerative employment ***.

"The reports of Doctor(s) Vocational Expert Riccio, Vocational expert Tosi, Kelly, Bacevich, Forso, Braddom, Louis and Dillahunt were reviewed and evaluated. The order is based particularly upon the reports of Doctor(s) Bacevich, Louis and Dillahunt, the evidence in the file and/or evidence adduced that the hearing.

"The medical evidence found persuasive includes the reports of Drs. Bacevich, Louis and Dillahunt. Dr. Bacevich, Commission Orthopedist, calculated a 15% impairment for claimant's back and a 15% impairment for his neck. Dr. Bacevich opined that the allowed conditions do not preclude sedentary and light work. Dr. Louis, Commission Neurologist, found a 20% impairment and stated that claimant can perform sedentary work. Dr. Dillahunt, Commission Combined Effects Reviewer, found a total impairment of only 40% [and] opined that claimant can perform sedentary employment. Claimant is 56 years old, has obtained a GED and has work experience as a sheet metal worker and sheet metal worker supervisor. Claimant does hold a trade license as a journeyman sheet metal worker. It is noted that claimant suffers from the following unrelated medical conditions: chronic obstructive pulmonary disease, diabetes mellitus and coronary artery disease. The Commission finds that the allowed conditions do not render claimant permanently and totally disabled. Relying upon the reports of Drs. Bacevich, Louis and Dillahunt, the Commission finds that the allowed conditions do not preclude sedentary employment. Considering claimant's work experience and especially his position as a supervisor, the Commission finds that claimant possesses some skills for sedentary work. Any inability to physically perform sedentary work would not

be related to the allowed conditions in this claim. It is noted that the Commission Vocational Report of Dr. Tosi is not relied upon for the reason that claimant's unrelated medical conditions were considered in assessing claimant's ability to obtain sustained remunerative employment."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The appellate court disagreed and denied the writ. This cause is now before this court upon an appeal as of right.

———————————

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Yolanda L. Barnes*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 5} Claimant seeks to compel the award of permanent total disability compensation pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E. 2d 666. The commission seeks to uphold its order as is. Because review favors the latter, we affirm the judgment of the court of appeals.

{¶ 6} Most of the claimant's propositions of law can be summarily disposed of:

1. Proposition of Law II(A). Contrary to claimant's contention, the commission did specifically state why claimant was not entitled to permanent total disability compensation as directed by *State ex rel. Hartung v. Indus. Comm.* (1990), 53 Ohio St.3d 257, 560 N.E. 2d 196. The order expressly found claimant capable of sustained remunerative employment.

2. Propositions of Law II(B) and (C). We hold that the commission used the proper standard—inability to perform sustained remunerative employment—in evaluating permanent total disability compensation.

3. Proposition of Law II(D). Contrary to appellant's contention, the commission did not deny compensation because claimant has nonallowed health problems; it merely noted their presence.

4. Proposition of Law IV. It is not the case that the commission ignored Riccio's vocational report. The order specifically indicated the report was considered.

5. Proposition of Law V. We have previously held that a lack of commission permanent total disability compensation guidelines does not constitute a due-process violation. *State ex rel. Blake v. Indus. Comm.* (1992), 65 Ohio St.3d 453, 605 N.E. 2d 23. Appellant's argument otherwise thus lacks merit.

{¶ 7} Claimant's remaining propositions of law are attacks on the commission's interpretation of the nonmedical evidence on which the success of claimant's application for compensation hinges. As to the medical evidence, claimant does not seriously dispute the commission's conclusion that he can do sedentary labor. Claimant, however, views his age (fifty-six when permanent total disability compensation was denied), education (GED) and work experience negatively. The commission disagreed. The commission also viewed claimant's supervisory tenure at the plant as an asset, whereas the claimant dismisses this factor as insignificant.

{¶ 8} *Gay* relief is appropriate only where the evidence compels but one conclusion. That is not the case here. Claimant's age and education are not inherently employment-obstructive. As to the claimant's work history, it was the commission's prerogative to assign a higher value to claimant's supervisory experience than did claimant. The commission is the ultimate evaluator of both disability and evidentiary weight and credibility. *State ex rel. Stephenson v. Indus.*

*Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E. 2d 946; *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E. 2d 936.

{¶ 9} As the appellate court observed, although the commission's explanation of its reasoning is not perfect, it is "one that is based upon evidence in the record and one that does give some explanation for its conclusion." We, therefore, find that the commission complied with *Stephenson, Burley,* and *State ex rel. Noll v. Indus. Comm.* (1990), 57 Ohio St.3d 203, 567 N.E. 2d 245.

{¶ 10} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

_____