DECISION
{¶ 1} Relator, Techneglas, Inc., has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its award of permanent total disability compensation to respondent Mary A. Sanson, and to enter a new order granting said compensation. Respondents.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. In his decision (attached as Appendix A), the magistrate concluded that the commission had abused its discretion and that this court should issue a writ of mandamus.
 {¶ 3} No objections were filed to the decision of the magistrate.
 {¶ 4} Finding no error or other defect on the face of the decision, pursuant to Civ.R. 53(C), we adopt that decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with that decision, we hereby issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its February 10, 2004 order of the staff hearing officer to eliminate the medical report of Dr. Frank from further evidentiary consideration, and to issue a new order adjudicating the application for permanent total disability compensation.
Writ of mandamus granted.
Brown, P.J., and French, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Techneglas, Inc., :
 Relator, :
v. : No. 04AP-497
The Industrial Commission of Ohio : (REGULAR CALENDAR)
and Mary A. Sanson, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on November 19, 2004. Fuller Henry Ltd, Mark A. Shaw and Sarah E. Pawlicki, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
Heinzerling Goodman, LLC, and Jonathan H. Goodman, for respondent Mary A. Sanson.
IN MANDAMUS
 {¶ 5} In this original action, relator, Techneglas, Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its award of permanent total disability ("PTD") compensation to respondent Mary A. Sanson, and to enter an order denying said compensation.
Findings of Fact:
 {¶ 6} 1. Mary A. Sanson ("claimant") has two industrial claims arising from her employment with relator. Claim number 96-563142 is allowed for "lumbar strain; lumbar radiculopathy; herniated disc L4-5 with instability; herniated disc L5-S1; major depression; failed low back syndrome." Claim number L215972-22 is allowed for "lateral epicondylitis right carpal tunnel syndrome right."
 {¶ 7} 2. On February 3, 2003, claimant filed an application for PTD compensation. In her application, relator states that she was last employed with relator as a "warehouse worker." In support, claimant submitted a report from Jesse Jay Frank, D.O. Dr. Frank's report consists of two parts. The first part is a typewritten letter to claimant's counsel dated November 16, 2002. The letter states in part:
It is with a reasonable degree of medical certainty that Ms. Sanson is permanently and totally disabled as a result of her industrial injury. Please find enclosed the extensive limitations that are required to keep Ms. Sanson from causing increased pain and disability. She has attempted to find employment within her limitations and nothing exists.
 {¶ 8} The second part of Dr. Frank's report consists of a three-page form completed by Dr. Frank on November 14, 2002. The form is not one provided by the commission or bureau. In completing the form, Dr. Frank listed industrial claim number 96-563142. The form asks the physician:
To determine your patient's ability to do work-related activities on a day to day basis in a regular work setting, please give us your opinion, based on your examination, of how your patient's physical capabilities are affected by the impairment(s). * * *
 {¶ 9} The form asks the physician to respond to specific queries regarding the claimant's physical abilities by marking a box with a preprinted answer. Dr. Frank indicated that claimant's maximum ability to lift and carry on an occasional or frequent basis is "less than 10#." Claimant can stand and walk during an eight-hour day for "less than 2 hrs." Her maximum ability to sit (with normal breaks) during an eight-hour day is "about 2 hrs." Claimant can sit for 30 minutes before needing to change positions. Claimant can stand for 20 minutes before needing to change positions.
 {¶ 10} The form then poses the following query: "What medical findings support the limitations described above?"
 {¶ 11} In response to the above query, Dr. Frank wrote: "severe degenerative disc and joint disease of lumbar spine with associated muscle spasms and limited motion."
 {¶ 12} 3. On March 28, 2003, relator was examined by Patricia H. David, M.D., on behalf of relator. In her report, Dr. David found that claimant is capable of returning to sustained remunerative employment with the following restrictions: "Sedentary-to-light work; No extremes of flexion, extension, or lateral bend; No climbing, squatting, kneeling, or crouching."
 {¶ 13} 4. Presumably, the commission also had claimant examined by a physician of the commission's choosing pursuant to its rules for the processing of PTD applications. Ohio Adm. Code 4121-3-34(C)(5)(a)(iii). However, the parties have failed to submit any such report to this court in the stipulated record.
 {¶ 14} 5. Presumably, the commission also requested an evaluation from a vocational expert pursuant to Ohio Adm. Code 4121-3-34(C)(6)(c). However, the parties have failed to submit any such vocational report to this court in a stipulated record.
 {¶ 15} 6. Following a February 10, 2004 hearing, a staff hearing officer ("SHO") issued an order granting the PTD application. The SHO's order states:
Permanent and total disability compensation is hereby awarded from 11/16/2002 in claim 96-563142 less any compensation which may have been previously awarded from such date and to continue without suspension unless future facts or circumstances should warrant the stopping of the award; and that payment be made pursuant to Ohio Revised Code Section4123.58(A).
Special Findings:
The Staff Hearing Officer has carefully considered all evidence in file and at today's hearing.
It is the finding of the Staff Hearing Officer that the injured worker is permanently and totally disabled.
The Staff Hearing Officer relies upon the persuasive report dated 11/16/2002 and prepared by Dr. Frank, who is the physician of record in this claim. The report supports the conclusion that the allowed medical conditions in claim 96-563142 in and of themselves render the injured worker permanently and totally disabled from engaging in any type of sustained remunerative employment. It is also clear to the Staff Hearing Officer after extensive questioning and observation of the injured worker at today's hearing that it is the allowed industrial injury in claim 96-563142 that has rendered the injured worker physically permanently and totally unable to engage in any kind of sustained remunerative employment. Her pain is extensive and unrelenting. Both Dr. Frank and the injured worker persuasively trace the inability to work back to the allowed failed lower back syndrome in claim 96-563142. That failed lower back syndrome is directly caused by the failed low back surgical procedures in this claim. Where the medical evidence on which the Commission is relying supports a conclusion that the injured worker is incapable of performing even sedentary work, there is no need to consider or to discuss the non-medical disability factors. Since it is the finding of the Staff Hearing Officer that the allowed conditions in this claim have on a medical basis rendered the injured worker permanently and totally disabled from engaging in any sustained remunerative employment, the Staff Hearing Officer does not find it necessary to consider or to discuss the injured worker's non-medical disability factors of age, education, and prior work experience. State, ex rel. Speelman v. Indus.Comm. (1992), 73 O.App.3d 757; State, ex rel. Libbey-Owens Ford Co. v.Indus. Comm. (1991), 62 Ohio St.3d 6; State, ex rel. Hartung v. Indus.Comm. (1990), 53 Ohio St.3d 257; State, ex rel. Stephenson v. Indus.Comm. (1987), 31 Ohio St.3d 167 and State, ex rel. Eaton Corp. v. Indus.Comm. (1997), 80 Ohio St.3d 352.
The start date of the payment of the permanent and total disability compensation in claim 96-563142 is 11/16/2002. The Staff Hearing Officer chooses this date because it is the date of the persuasive report of Dr. Frank. It is noted that the self-insuring employer relied upon a 10/19/2002 report of Dr. Frank to unilaterally terminate payment of temporary and totally disability compensation in this claim effective on 10/19/2002 on the basis of maximum medical improvement.
It is the finding of the Staff Hearing Officer that payment of the above awarded permanent and total disability compensation is to be allocated as follows: 100% to claim number 96-563142 and 0% to claim number L215972-22.
The Staff Hearing Officer makes the above allocation on the basis that claim number 96-563142 is the claim that permanently and totally removed the injured worker from the entire workforce. The injured worker has undergone approximately nine largely unsuccessful surgical procedures [I]n that claim. The surgeries have been extensive and severe.
Based upon the above, as well as a careful consideration of all evidence in file and at today's hearing, the Staff Hearing Officer concludes that the injured worker is permanently and totally disabled.
 {¶ 16} 7. Relator moved for reconsideration. On March 17, 2004, the commission denied reconsideration.
 {¶ 17} 8. On May 10, 2004, relator, Techneglas, Inc., filed this mandamus action.
Conclusions of Law:
 {¶ 18} The sole issue is whether Dr. Frank's report is some evidence upon which the commission can rely to support its award of PTD compensation. Finding that Dr. Frank's report does not constitute some evidence upon which the commission can rely, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 19} A claimant must always show the existence of a direct and proximate causal relationship between his or her industrial injury and the claimed disability. State ex rel. Waddle v. Indus. Comm. (1993),67 Ohio St.3d 452. Nonallowed medical conditions cannot be used to advance or defeat a claim for compensation. Id.
 {¶ 20} The mere presence of a nonallowed condition in a claim for compensation does not in itself destroy the compensability of the claim, but the claimant must meet his burden of showing that an allowed condition independently caused the disability. State ex rel. Bradley v.Indus. Comm. (1997), 77 Ohio St.3d 239, 242. {¶ 21} Dr. Frank's November 16, 2002 letter indicates that his PTD opinion is premised upon his findings on the form that he completed. In turn, the form clearly discloses that the medical restrictions are premised upon "severe degenerative disc and joint disease of lumbar spine with associated muscle spasms and limited motion."
 {¶ 22} Respondents do not argue here that the medical condition listed by Dr. Frank as supporting the medical restrictions is an allowed condition of one of the industrial claims. Given that it clearly is not an allowed condition, it cannot be used to support a PTD award. Waddle,
supra. Thus, the commission abused its discretion in awarding PTD compensation.
 {¶ 23} The report of Dr. David seems to indicate that the industrial injuries preclude claimant's return to warehouse work but do permit "sedentary-to-light work." It is conceivable that, following the elimination of Dr. Frank's report from further evidentiary consideration, claimant could be found to be PTD based upon the medical and nonmedical factors.
 {¶ 24} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the February 10, 2004 order of its SHO, and upon elimination of Dr. Frank's report from further evidentiary consideration, issue a new order adjudicating the PTD application.