THE STATE, EX REL. GALION MANUFACTURING DIVISION, DRESSER INDUSTRIES, INC., APPELLEE AND CROSS-APPELLANT, *v.* HAYGOOD, APPELLANT AND CROSS-APPELLEE; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Galion Mfg. Div., Dresser Industries, Inc., *v.* Haygood (1991), 60 Ohio St. 3d 38.]

(No. 89-1708—Submitted August 29, 1990—Decided May 29, 1991.)

*Porter, Wright, Morris & Arthur, Brian D. Hall* and *Diane C. Reichwein*, for appellee and cross-appellant.

*Michael J. Muldoon*, for appellant and cross-appellee.

*Lee I. Fisher*, attorney general, and *James A. Barnes*, for appellee.

*Per Curiam.* We are once again asked to review the commission's order for "some evidence" as required by *State, ex rel. Burley*, v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. For the reasons to follow, we find "some evidence" supporting that decision and reverse the appellate court's judgment.

Dresser directs its sole challenge at Lyons' report. Dresser contends that Lyons attributes claimant's inability to work to the nonallowed psychiatric condition of "depression with hypochondriacal features," and that Lyons characterizes the condition as temporary. Even if this description of the Lyons report is accurate, however, Dresser ignores the commission's additional reliance on Dr. Retter's reports which state that the allowed back condition *alone* prevents sustained remunerative employment. Contrary to Dresser's suggestion, a

claimant who has multiple allowed conditions is not required to show that each condition, standing alone, is work-prohibitive. Here, regardless of claimant's mental status, he is physically unable to work. An unimpaired psychological state will not lessen or improve that physical incapacity. Dresser's challenge is thus unpersuasive.

The claimant asks this court to henceforth require the commission to specifically identify the nonmedical disability factors relied on in granting or denying benefits. We have recently discussed this subject in *State, ex rel. Hartung,* v. *Columbus* (1990), 53 Ohio St. 3d 257, 560 N.E. 2d 196, and *State, ex rel. Noll,* v. *Indus. Comm.* (1991), 57 Ohio St. 3d 203, 567 N.E. 2d 245. The facts of this case, however, foreclose the need for further consideration of the nonmedical disability factors identified in *State, ex rel. Stephenson,* v. *Indus. Comm.* (1987), 31 Ohio St. 3d 167, 31 OBR 369, 509 N.E. 2d 946. While permanent total disability benefits may never be denied solely on the basis of medical evidence without considera-tion of *Stephenson* factors contained in the record, there are some situations where an *award* of such benefits may properly be based on medical factors alone. It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less physically able to work. Dr. Retter's reports found a total physical inability to work and concluded that rehabilitation was not indicated. This constitutes "some evidence" supporting an award of compensation for permanent total disability. We thus find a remand for additional consideration or explanation to be unnecessary.

Accordingly, the writ is denied and the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.