THE STATE, EX REL. LIBBEY-OWENS-FORD COMPANY, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Libbey–Owens–Ford Co.,
v. Indus. Comm.* (1991), 62 Ohio St.3d 68.]

(No. 90–924—Submitted July 17, 1991—Decided October 9, 1991.)

*Marshall & Melhorn* and *Michael S. Scalzo,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Peter E. DeMarco,* for appellee Industrial Commission.

*Jermann & Associates* and *Gene T. Borgstahl,* for appellee Karpinski.

---

*Per Curiam.* We are again asked to perform an evidentiary review of a commission order awarding permanent total disability compensation. For the reasons to follow, we affirm the judgment rendered below.

In *State, ex rel. Galion Mfg. Div., Dresser Industries, Inc., v. Haygood* (1991), 60 Ohio St.3d 38, 40, 573 N.E.2d 60, 62, we recently opined:

" * * * While permanent total disability benefits may never be denied solely on the basis of medical evidence without consideration of *Stephenson [State, ex rel. Stephenson, v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, nonmedical disability] factors contained in the record, there are some situations where an *award* of such benefits may properly be based on medical factors alone. It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less physically able to work." (Emphasis *sic.*)

In the case before us, the commission relied in part on Dr. Thomas' report which concluded that claimant's allowed medical condition prevented sustained remunerative employment. This report not only is "some evidence" supporting the commission's order but also provides a sufficient explanation, under *Haygood, supra,* of that order.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.