OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Murray, Appellant and Cross-Appellee, v. Mosler Safe Company, Cross-Appellant and Appellee; Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Murray v. Mosler Safe Co. (1993), Ohio St.3d    .]
Workers' compensation -- Commission's order denying permanent total disability compensation qualifies as a brief explanation of the reasoning for the decision, when.
(No. 92-2288 -- Submitted July 28, 1993 -- Decided September 15, 1993.)
Appeal from the Court of Appeals for Franklin County, No. 91AP-1209.

Between 1978 and 1980, appellant-claimant, Wendell Murray, sustained three injuries while in the course of and arising from his employment with cross-appellant, Mosler Safe Company. The last injury was the most severe and was recognized for "low back herniated disc." Claimant continued working until February 1987 and filed for permanent total disability compensation eight months later.

Claimant was examined on behalf of appellee Industrial Commission of Ohio on March 14, 1988 by Dr. Richard T. Sheridan, who thought that the allowed conditions prevented sustained remunerative employment. On May 22, 1990, claimant's application was heard by the commission. The commission elected to hold claimant's motion in abeyance, and referred claimant to its rehabilitation division for evaluation.

The rehabilitation division evaluated claimant in August 1990. Dr. Daniel R. Martin found "[n]o Internal Medical contraindications to starting any rehabilitation program." A second rehabilitation examiner, Dr. Jerry Mysiw, wrote:

"At the present time this gentleman is functioning in approximately a sedentary capacity. His condition appears to be stable. After reviewing this gentleman's chart, his history and today's physical examination, I would think that this gentleman should be capable of functioning in a slightly higher physical capacity. That is, I think that it would be reasonable for this gentleman to be capable of functioning in a light work capacity. * * *"

Vocational screening was administered by Janis M. Kooser. Among those factors listed as claimant's vocational assets were: Age (49), high school graduate, work history of semi-skilled work, academic skills and vocational aptitudes as indicated by testing. His limitations included: length of time out of job market, current physical capacities and aerobic conditioning, medications that may affect work speed and performance, monetary disincentive and negative attitude toward rehabilitation, and work pacing. Kooser concluded:

"Based on vocational screening results, prognosis for future vocational rehabilitation services appears to be poor at this time. Significant barriers in returning to work include: decreased physical capacities, length of unemployment, current medications, current monetary benefits, and attitude towards rehabilitation.

"Rehabilitation services were discussed and the client expressed no interest in getting involved. Mr. Murray stated that he is not interested in rehabilitation as he is already retired."

The Martin, Mysiw and Kooser reports were compiled in a November 30, 1990 rehabilitation summary prepared by evaluation coordinator, John E. Edwards. He concluded:

"It appears that Mr. Wendell Murray who has not worked in three years due to the effects of an industrial injury is an appropriate candidate for rehabilitation services. His industrial injury has left him with physical capacities in the sedentary range although it is possible that he can improve his physical capacities to the light range with successful rehabilitation. While it is unlikely that he can return to the kinds of work that he once performed, particularly during his working years as a general laborer, vocational aptitude testing suggested numerous potential occupations Mr. Murray could pursue within his predicted level of physical capacities. Evaluation by an internal medical specialist did not reveal the presence of related or unrelated problems which would preclude participation in a rehabilitation program. It appears that Mr. Murray could be capable of returning to working activity particularly with the assistance of the Rehabilitation Division. * * *"

The commission ultimately denied permanent total disability compensation, stating:

"The reports of Drs. Sheridan, Southard, Mysiw were reviewed and evaluated. This order is based particularly upon the reports of Drs. Sheridan, Mysiw, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing.

"Claimant is a 49 year old male with a high school education and work history as a laborer. Rehabilitation evaluations conducted in 1990 concluded claimant was a candidate for rehabilitation. Based on that report, claimant's relatively young age and high school education, it is concluded claimant is not permanently and totally disabled and would be capable of sustained remunerative employment."

Claimant filed a complaint in mandamus in the Court of

Appeals for Franklin County, urging that the commission order was unsupported by "some evidence" and did not contain an explanation of the commission's reasoning as required by State ex rel. Noll v. Indus. Comm. (1990), 57 Ohio St.3d 203, 567 N.E.2d 245.  The appellate court referee disagreed and recommended that the writ be denied.  Claimant objected to the referee's report, as did Mosler, who felt that the commission erred in relying on Dr. Sheridan's report.  The appellate court overruled all objections and denied the writ.

This cause is now before this court upon an appeal and cross-appeal as of right.

Casper & Casper and Douglas W. Casper, for appellant and cross-appellee.
Taft, Stettinius & Hollister and Charles M. Stephan, for cross-appellant and appellee.
Lee I. Fisher, Attorney General, and Cordelia A. Glenn, Assistant Attorney General, for appellee.

Per Curiam.  Claimant and Mosler issue evidentiary challenges to the commission's order.  Our analysis begins with a review for "some evidence" to support the commission's order.  According to claimant, not only is there no medical evidence of a physical capacity for work, but, to the contrary, medical evidence uniformly shows a complete inability to work.  If the latter allegation proves correct, further consideration of nonmedical factors under Noll is pointless.  See State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

Two medical reports - - those by Drs. Mysiw and Sheridan - - are before us.  Dr. Sheridan's report is not "some evidence" supporting the commission's denial of permanent total disability compensation, since this report found that claimant could not do any work.  Dr. Mysiw's report, on the other hand, indicates that claimant retains some capacity for doing work.  Contrary to claimant's representation, however, Dr. Mysiw does not merely state that claimant is amenable to rehabilitation; Dr. Mysiw states the claimant can do light work as well.  Dr. Mysiw's report is thus "some evidence" which can be combined with nonmedical factors to produce a finding that claimant can perform sustained remunerative employment.

This evidentiary conclusion leads us to consider whether the commission adequately explained its reasoning in its order as Noll demands.  The appellate court cautiously found compliance with Noll.  Noting that Noll required only a "brief" explanation, the appellate court wrote:

"The order of the Industrial Commission denying permanent total disability compensation for Mr. Murray certainly qualifies as a brief explanation of the reasoning for the decision.  We are not prepared to say that the explanation is too brief, but a more detailed explanation would be preferable.  Thus, a limited writ is not necessary."  (Emphasis sic.)

In this case, the commission's explanation, although brief, does suggest that claimant's "relatively young" age and education were considered to be assets to re-employment.

Coupled with the commission's reference to the rehabilitation division's favorable assessment, this order meets the minimum standard of compliance with Noll.

Accordingly, the judgment of the court of appeals denying the writ is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.