OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Frigidaire, Inc., f.k.a. White Consolidated Industries, Appellant, v. Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Frigidaire, Inc. v. Indus. Comm. (1994), Ohio St.3d .]
(No. 93-811 -- Submitted June 15, 1994 -- Decided August 31, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-232.

Claimant, Wayne Ousley, sustained three industrial injuries in the course of and arising from his employment with appellant Frigidaire, Inc., f.k.a. White Consolidated Industries, in 1984 and 1985. Awards have been collectively allowed for "trauma to thoracic and lumbar spine, laceration to the back of head, aggravation of pre-existing arthritis of the lumbar and thoracic spine." In 1988, claimant moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. The sole evidence submitted by claimant was a report from attending physician, Dr. Elizabeth Reed, that read in its entirety:

"The above patient is totally & permanently disabled, due to back injury (Trauma aggravating arthritic changes in lumbar & thoracic spine). He is able to walk short distances but is unable to do any lifting or work.

"He is using some hydrotherapy and taking Motrin at the present time.

"He also shows considerable depression & nervousness for which he takes Elavil. This may be related to the head injury & laceration."

Claimant was examined on Frigidaire's behalf by Drs. R. C. Stastny and Thomas H. Brown, Jr. Stastny felt that claimant had no impairment attributable to the allowed conditions and could resume "his normal activities without restriction and without impairment on a full-time basis." Stastny commented that claimant's "problems are more psychogenic with a strong functional overlay."

Dr. Brown's physical findings were essentially the same as Stastny's, but prompted a different conclusion. Brown

prohibited claimant from heavy lifting, bending and stooping, and limited claimant to sedentary work. Commission physician Dr. John Kissel felt claimant had a five to ten percent neurological impairment and could return to his former position of employment. Dr. W. Jerry McCloud found a fifty percent permanent partial orthopedic impairment. He felt claimant could not return to his former job but could do other work. A combined effects review by Dr. Paul H. Dillahunt assessed a fifty percent permanent partial impairment with a capacity for light work.

On April 10, 1990, the commission granted claimant permanent total disability compensation in a standard boilerplate order. Frigidaire's complaint in mandamus generated a return to the commission for an order that satisfied State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

The commission again awarded permanent total disability compensation based:

"* * * particularly on the medical report of Dr. Reed, the evidence in the file and the evidence adduced at the hearing.

"Mr. Ousley is 62 years of age, has an eighth grade education and has worked primarily as a millwright. He was examined and judged as permanently and totally disabled by Dr. Reed. Mr. Ousley has an employment history of being a heavy laborer, which he cannot return to due to his back injuries. With all factors considered, Mr. Ousley is permanently and totally disabled."

Frigidaire filed a second complaint in mandamus in the Court of Appeals for Franklin County, reasserting that the commission abused its discretion in granting permanent total disability compensation. The appellate court denied the writ.

This cause is now before this court upon an appeal as of right.

Baran, Piper, Tarkowsky & Fitzgerald Co., L.P.A., and John Tarkowsky, for appellant.

Lee Fisher, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee.

Per Curiam. Frigidaire asserts that Dr. Reed's report does not support a permanent total disability award. We disagree and affirm the judgment of the court below.

Contrary to Frigidaire's contention, the report satisfies the most fundamental permanent total disability requirement -- relating a total inability to work exclusively to claimant's allowed conditions. Reed specifically says that claimant's inability to work is "due to back injury." This establishes the requisite causal relationship and invalidates Frigidaire's suggestion that Reed's disability opinion was based in part on a nonallowed problem due to depression.

Frigidaire also alleges a lack of supportive findings in the report. We again disagree. Although skimpy, the report pinpoints the claimant's arthritic condition as the source of his problems. It also indicates that claimant cannot do lifting and is restricted to brief walking, both of which would impact on his ability to work. Given the commission's authority to evaluate evidentiary weight and credibility, its

decision to rely on Reed's report is not an abuse of discretion.

The commission's reliance on evidence of a medical incapacity for work dispenses with the need for an evaluation of the commission's treatment of claimant's nonmedical factors.  State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood (1991), 60 Ohio St.3d 38, 573 N.E.2d 60. Accordingly, we find that "some evidence" supports the commission's order.  State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The appellate court's judgment is hereby affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.