Relator, Bridgestone/Firestone, Inc., has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that granted compensation for permanent total disability to respondent-claimant, John Caldwell, and to issue a new order that meets the requirements of State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167, and State ex rel. Nollv. Indus. Comm. (1991), 57 Ohio St.3d 203.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided that a writ of mandamus should be granted to require the commission to issue a new order that addresses the issue of whether claimant's 1985 retirement was voluntary and that meets the requirement ofStephenson and Noll. Claimant has filed objections to the magistrate's decision.
In his objections, claimant argues that the issue of whether his retirement was voluntary was not raised before the Industrial Commission and that the medical evidence cited by the commission, by itself, precludes a finding that he is capable of any sustained remunerative employment and, therefore, the commission was not required to comply with Stephenson and Noll.
In the hearing before the commission, claimant stated, in response to a question from the hearing officer as to why he stopped working, he just quit because he did not want to work anymore. Thus, whether relator pursued the issue further through the questioning of claimant, the issue of whether or not claimant's retirement was voluntary was, in fact, before the commission and must be addressed.
The reports of Drs. Newman and Penix both find that relator is not capable of any sustained remunerative employment based on the allowed conditions of his claim. In State ex rel.Galion Mfg. Div., Dresser Industries, Inc. v. Haygood (1991),60 Ohio St.3d 38, 40, the Ohio Supreme Court stated:
 * * * It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less physically able to work. * * *
Thus, since the medical evidence alone precludes a finding that claimant is capable of any future sustained remunerative employment, the commission did not need to address the issues in Stephenson and Noll.
Upon a review of the magistrate's decision and an independent review of the file, this court sustains in part and overrules in part claimant's objections. This court issues a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that granted claimant's application for permanent total disability compensation and to issue a new order which grants or denies compensation and determines whether or not claimant's retirement was voluntary.
Objections sustained in part, overruledin part, writ of mandamus granted.
BROWN and KENNEDY, JJ., concur.