DECISION
Relator, Goodyear Tire Rubber Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting permanent total disability ("PTD") compensation to respondent Franklin Maccioli ("claimant") and ordering the commission to deny claimant's application. Alternatively, relator requests that this court order the commission to vacate its order granting PTD compensation to claimant, to conduct further proceedings, and to issue an order which follows the required law.
The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Therein the magistrate concluded that the commission did not abuse its discretion in granting claimant's application for PTD compensation and recommended that this court deny the requested writ of mandamus.
Relator has filed objections to the magistrate's decision in which it reargues the issues previously considered and addressed by the magistrate. For the reasons set forth in the magistrate's decision, we hereby overrule relator's objections.
Furthermore, upon an examination of the magistrate's decision and an independent review of the record, we find that the magistrate has properly determined the pertinent facts and applied the relevant law to those facts. Thus, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.
In accordance with the magistrate's decision, we hereby deny the requested writ of mandamus.
Objections overruled; writ denied.
TYACK, P.J., and KLATT, J., concur.
 IN MANDAMUS
Relator, Goodyear Tire Rubber Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Franklin Maccioli ("claimant") and ordering the commission to deny claimant's application. In the alternative, relator requests that this court order the commission to vacate its order granting PTD compensation to claimant, to conduct further proceedings, and to issue a decision which follows the required law.
Findings of Fact:
1. Claimant sustained a work-related injury on May 27, 1996, and his claim has been allowed for: "sciatica, lumbar strain, herniated disc L4-5." A prior injury has been allowed for: "contusion right knee".
2. On November 20, 2000, claimant filed an application for PTD compensation. At the time, claimant was sixty-four years old. His application indicates that he has a high school education, is able to read and write but cannot perform basic math well. He has some special training, some military experience, and has participated in rehabilitation.
3. Claimant's treating physician, Raymond J. Flasck, Jr., D.O., issued a report dated November 6, 2000. In that report, Dr. Flasck stated as follows:
 As of today, Mr. Maccioli has reached maximum medical improvement of his lumbar workers' compensation injuries. He is disabled on a total and permanent basis because of his condition. The workers' compensation injuries are the sole reason for this disability.
 He needs to be able to sit, stand or lie down at will depending on his condition. He also requires daily narcotic analgesics (as managed by the pain clinic specialists) to control his pain. These factors make it impossible for him to engage in any type of remunerative employment now or in the future. His condition will only worsen with time.
4. Claimant was examined by Paul A. Steurer, M.D., on behalf of the commission. Dr. Steurer issued a report dated May 7, 2001 wherein, after giving his physical findings, he concluded that relator had reached maximum medical improvement and assessed a twenty-five percent whole person impairment. In an addendum report prepared May 21, 2001, Dr. Steurer opined as follows:
 I reached my conclusions regarding Mr. Franklin Maccioli based on reasonable medical probability based on the fact that he's had significant back surgery and a pain problem associated with that that's going to preclude sustained remunerative employment.
5. Relator was also examined by Satish Mahna, M.D., who issued a report dated August 26, 2000. Dr. Mahna concluded that claimant had reached maximum medical improvement, that he should be able to perform sedentary work with a sit/stand option provided he avoids bending, twisting, pushing and pulling heavy objects and climbing ladders.
6. Claimant was also examined by Daniel Dorfman, M.D., who issued a report dated January 10, 2001. Dr. Dorfman concluded that claimant could not return to his former position of employment but opined that he could work in a sedentary capacity within certain restrictions.
7. An employability assessment was prepared by Lynne Kaufman, MS, CRC, CCM, LPC. Pursuant to the reports of Drs. Steurer and Flasck, Kaufman opined claimant was not employable. However, based upon the reports of Drs. Mahna and Dorfman, Kaufman opined that claimant could perform the following jobs: "service clerk, repair order clerk, industrial order clerk, service clerk, routing clerk."
8. An employability assessment was prepared by Craig S. Johnston, MRC, CRC, dated January 29, 2001. Johnston also opined that claimant could perform some sedentary work activity within the restrictions of Drs. Dorfman and Mahna.
9. Claimant's application for PTD compensation was heard before a staff hearing officer ("SHO") on October 2, 2001, and resulted in an order granting the compensation, in pertinent part, as follows:
 Permanent and total disability compensation is hereby awarded from 11-6-2000, less any compensation that may have been previously awarded from said date, and to continue without suspension unless future facts or circumstances should warrant the stopping of the award. Payment is to be made pursuant to Ohio Revised Code Section 4123.58(A).
 Based on the 11-6-2000 report of Raymond J. Flasck Jr., D.O., and the 5-7-2001 and 5-21-2001 reports of Paul A. Steurer, M.D., this staff hearing officer finds that it is not necessary to consider the claimant's disability factors since the claimant is medically unable to perform any sustained remunerative employment due to the allowed conditions in claim 96-435048.
 This hearing officer relies upon the case of State ex rel. Galion Mfg. Div., Dresser _Industries, Inc. v. Haygood (1991), 60 Ohio St.3d 38, wherein the court states:
 A claimant who has multiple allowed conditions is not required to show that each condition standing alone, is work-prohibitive * * * While permanent total disability benefits may never be denied solely on the basis of medical evidence without consideration of Stephenson factors contained in the record, there are some situations where an award of such benefits may properly be based on medical factors alone. It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less * * * able to work.
 The payment of permanent and total disability benefits is to commence on 11-6-2000, based on the claimant's request that his benefits commence on said date, and the 11-6-2000 medical report of Dr. Flasck, wherein Dr. Flasck opines that the claimant is permanently and totally disabled as of said date.
 It is further ordered that the above award be allocated as follows:
 100% of the award is to paid under Claim Number 96-435048;
0% of the award is to be paid under Claim No. L52315-22.
 This allocation is based on the opinions of Dr. Flasck and Dr. Steurer that the claimant's medical impairment is due to the allowed conditions in claim 96-435048.
 All relevant evidence has been reviewed, and considered, in rendering this decision.
10. Relator's request for reconsideration was denied by order of the commission mailed December 4, 2001.
11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
Relator challenges the commission's order asserting the reports of Drs. Flasck and Steurer, do not constitute some evidence upon which the commission could rely and claimed that the commission did not consider the reports of Drs. Mahna and Dorfman. First, with regard to relator's assertion that the commission did not consider the reports of Drs. Mahna and Dorfman, there is no evidence in the record to substantiate that claim. In issuing an order, the commission is required to cite only the evidence upon which the commission's relies. The commission is not required to cite all the evidence that it considers. As such, this portion of relator's argument is not well taken.
Relator challenges Dr. Steurer's reports, because on May 7, 2001, Dr. Steurer opined that claimant had reached maximum medical improvement and assessed a twenty-five percent permanent partial impairment. On May 21, 2001, Dr. Steurer indicated that relator was precluded from performing sustained remunerative employment. Relator contends that there is no explanation given in Dr. Steurer's May 21, 2001 report to explain his change of opinion. This magistrate agrees that it is troubling that there is no explanation given by Dr. Steurer for his change of opinion. Dr. Steurer's May 21, 2001 report does appear to be inconsistent from his May 7, 2001 report. However, even if Dr. Steurer's May 21, 2001 report is removed from evidence, the record still contains the November 6, 2001 report of Dr. Flasck which relator also challenges.
Relator challenges the report of Dr. Flasck for the reason that his opinion is summed up in two paragraphs and contains nothing more than boilerplate language. The record reveals that Dr. Flasck has been claimant's treating physician for some time and there is no requirement that a doctor issue a lengthy report in support of a motion for PTD compensation. Instead, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. Relator would have this court weigh Dr. Flasck's report against the reports of Drs. Mahna and Dorfman which relator asserts are quite lengthy. However, as stated previously, the credibility of reports is for the commission to determine. As claimant's treating physician, Dr. Flasck was asked to issue an opinion with regards to his application for PTD compensation. Dr. Flasck issued a report and the commission relied upon it. As such, even if Dr. Steurer's reports are removed from consideration due to the unexplained apparent inconsistency, Dr. Flasck's report does constitute some evidence upon which the commission could rely in granting claimant's application for PTD compensation. Having relied on Dr. Flasck's conclusions that claimant was physically incapable of performing some sustained remunerative employment, the commission was not required to conduct an analysis of the nonmedical disability factors. As such, this argument of relator is not well taken.
Relator also contends that the commission did not consider the fact that relator had offered to provide a job for claimant within the physical restrictions noted by Dr. Flasck and with the help of an assistant. The only evidence that relator points to for this assertion is within the body of the employability assessment prepared by Craig Johnston, statements in two medical reports, and one sentence mentioning the argument within relator's notice of appeal from the SHO order. Within this record, there is no evidence of a job offer.
Under certain circumstances, where a claimant is offered and refuses to accept a job offer within his capabilities, the claimant will be found not to be permanently and totally disabled. Ohio Adm. Code4121-3-34(D)(1)(e) provides, in pertinent part:
 If, after hearing, the adjudicator finds that the claimant is offered and refuses and/or fails to accept a bona fide offer of sustained remunerative employment that is made prior to the pre-hearing conference described in paragraph (C)(9) of this rule where there is a written job offer detailing the specific physical/mental requirements and duties of the job that are within the physical/mental capabilities of the claimant, the claimant shall be found not to be permanently and totally disabled.
Upon review of the record before this court, there is no evidence of a written job offer detailing the specific physical requirements and duties of the job allegedly offered to claimant. As such, this magistrate finds no support in the record for relator's assertions and cannot find that the commission abused its discretion by failing to find that the claimant refused a suitable job offer. Relator contends that the commission is required to scrutinize a claimant's efforts to return to work. Claimant's back surgery was in 1998. Claimant last worked in February 2000, and filed his application for PTD compensation in October 2000. Relator asserts that claimant was required to seek re-employment and points again to its job offer. As stated previously, there is no evidence that relator offered claimant a job within his physical restrictions which claimant refused. As such, this argument of relator is not well taken.
Based upon the foregoing, this magistrate finds that relator has not demonstrated that the commission abused its discretion in granting claimant's application for permanent total disability compensation, and this court should deny relator's request for a writ of mandamus.