DECISION
{¶ 1} Relator, Schwebel Baking Company., filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate its orders denying relator's request to depose an independent medical examiner, granting the motion of respondent John A. Mihin ("respondent") for permanent total disability ("PTD") compensation, and denying relator's request to reconsider the matter of whether respondent is entitled to PTD compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On April 25, 2006, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court deny the requested writ of mandamus. (Attached as Appendix A.) Relator timely filed objections to the magistrate's decision, which are now before the court.
 {¶ 3} Relator fails to raise any new issues in its objections and simply reargues its contentions presented to and sufficiently addressed by the magistrate. Upon review of the magistrate's decision, an independent review of the record and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We, therefore, adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, relator's objections to the magistrate's decision are overruled and the requested writ of mandamus is hereby denied.
Objections overruled; writ denied.
Klatt, P.J., and Travis, J., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Schwebel Baking Company, :
Relator, :
v. No. 05AP-1024 :
Industrial Commission of Ohio (REGULAR CALENDAR) and John A. Mihin, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on April 25, 2006 Stefanski Associates LLC, and Janice T. O'Halloran, for relator.
Jim Petro, Attorney General, and Shawn M. Wollam, for respondent Industrial Commission of Ohio.
Schiavoni, Schiavoni Bush Co., L.P.A., and JosephSchiavoni, for respondent John A. Mihin.
 IN MANDAMUS {¶ 4} Relator, Schwebel Baking Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's request that the Relator, commission exercise its continuing jurisdiction and rehear the matter of whether respondent John A. Mihin ("claimant") was entitled to permanent total disability ("PTD") compensation. Relator also contends that the commission abused its discretion by denying it the opportunity to depose Dr. Richard S. Krupkin and that the commission abused its discretion in finding that claimant was entitled to PTD compensation.
Findings of Fact:
 {¶ 5} 1. Claimant sustained a work-related injury on August 22, 1995, and his workers' compensation claim has been allowed for "strain lower back; strain left leg; radiculopathy; lumbar canal stenosis L4-L5; herniated disc L4-L5; disc herniation L3-L4." Claimant underwent back surgery in 1996.
 {¶ 6} 2. In November 2004, claimant filed an application for PTD compensation. At the time, claimant was 56 years old, noted that he had graduated from high school, that he was able to read, write, and perform basic math, and that he had participated in physical therapy rehabilitation services in 1995, 1996, 2001 and 2004. Claimant's prior work history consisted primarily of work as a truck driver.
 {¶ 7} 3. In support of his application for PTD compensation, claimant submitted the November 11, 2004 report of his treating physician John L. Dunne, D.O., which provides, in full, as follows: "It is my opinion that Mr. Mihin is permanently and totally disabled from employment due to his work injuries of back pain and persistent radiculopathy."
 {¶ 8} 4. An independent medical examination was performed by Waleed N. Mansour, M.D., whose report is dated October 12, 2004. In that report, Dr. Mansour set forth his range of motion findings relative to claimant's lumbar region as follows: sacral flexion 36 degrees, flexion 30 degrees, extension 20 degrees, left lateral bending 18 degrees, and right lateral bending 16 degrees. Dr. Mansour concluded as follows:
* * * Based on a reasonable degree of medical certainty, the available medical documentation for review and today's examination, Mr. Mihin should be considered to be permanently and totally disabled as a result of the allowed conditions in the claim. Mr. Mihin is a high school graduate who has been employed as a truck driver with Schwebels baking company for the last 23 years. Prior to Mr. Mihin's employment with Schwebels he worked in a mill as a laborer. Today's physical examination would suggest that continued treatment is palliative in nature and that the [injured worker] would not be able to return to any and all gainful employment solely as a result of the allowed conditions in the claim. In so much that the [injured worker] has attempted all reasonable treatment and return to work strategies, it would seem to this evaluator that consistent work product of any type would not be possible.
 {¶ 9} 5. An independent medical examination was also provided by R. Scott Krupkin, M.D., who issued a report dated January 19, 2005. In that report, Dr. Krupkin set out the following findings relative to claimant's lumbar range of motion: flexion 60 degrees, extension 10 degrees, right lateral bending 10 degrees, and left lateral bending 10 degrees. Dr. Krupkin concluded that claimant had reached maximum medical improvement ("MMI"), assessed a 20 percent whole person impairment, and indicated that claimant was not capable of any physical work activity.
 {¶ 10} 6. Relator had claimant examined by Richard J. Reichert, M.D., who issued a report dated August 10, 2004. Dr. Reichert noted his physical findings including range of motion results relative to claimant's lumbar function as follows: flexion 90 degrees, extension 20 degrees, right lateral bending 20 degrees, and left lateral bending 30 degrees. Dr. Reichert disagreed that claimant had reached MMI and opined that claimant was in need of surgical intervention for the herniated disc. Dr. Reichert did note that claimant could not return to his former position of employment, but that he was capable of work provided that there be no lifting greater than five pounds, that his bending, stooping, and squatting were limited and that he was permitted to change positions from sit to stand as tolerated. Dr. Reichert examined claimant again on November 29, 2004, and issued a report dated December 8, 2004. In that report, Dr. Reichert noted his range of motion findings relative to claimant's lumbar spine as follows: flexion 55 degrees, extension 25 degrees, right lateral bending 15 degrees, and left lateral bending 20 degrees.
 {¶ 11} 7. Relator had a vocational report prepared by Denise O'Connor dated March 16, 2005. Ms. O'Connor found claimant's age and education to both be positive factors and determined that claimant had the following transferable skills: stable work history, performing repetitive tasks, performing a variety of duties, working alone or in isolation, attaining precise limits, making judgments and decisions, and average general learning ability. Ms. O'Connor ultimately concluded that, if claimant could perform work at a sedentary level, there were jobs he could perform. Ms. O'Connor did recommend that claimant seek job skills training and possible short-term computer skills training to increase his employability.
 {¶ 12} 8. Relator filed a motion seeking to depose Dr. Krupkin due to what relator perceived as a substantial disparity between his report and the report of Dr. Reichert. Relator argued that there was a substantial disparity between those reports as Dr. Krupkin concluded that claimant was not capable of physical work activity, while Dr. Reichert opined that claimant was capable of sedentary work activity.
 {¶ 13} 9. By order dated February 15, 2005, relator's motion to depose was heard before a staff hearing officer ("SHO") and resulted in an order denying that request as follows:
Following review of the claim file and all relevant evidence, it is the finding of the Staff Hearing Officer that the Employer's motion is unreasonable because no substantial disparity has been established. Rather, the requested deposition is found to be predicated upon a difference of interpretation as to the level of work, if any, the Injured Worker can perform. Dr. Krupkin opined that the Injured Worker was not capable of performing any physical work, even of a sedentary nature, while Dr. Reichert opined that the Injured Worker was capable of only sedentary work.
The Staff Hearing Officer does not find any "alleged defect" in Dr. Krupkin's opinion that needs to be cured by a deposition. Rather, the Staff Hearing Officer concludes that this is a difference of medical opinion and is more appropriately resolved through the normal course of the hearing process rather than through a deposition.
Therefore, the Employer's request to depose Dr. Krupkin is denied.
In rendering this decision, the Staff Hearing Officer relies upon the holding in State ex. rel. Pate v. IndustrialCommission (2002), 97 Ohio St.3d 89.
 {¶ 14} 10. Thereafter, claimant's motion for PTD compensation was heard before an SHO on May 18, 2005. At that time, the SHO granted claimant's application for PTD compensation as follows:
After full consideration of the issue it is the order of the Staff Hearing Officer that the Application filed 11/02/2004, for Permanent and Total Disability Compensation, be granted to the following extent.
Permanent and total disability compensation is hereby awarded from 10/12/2004, less any compensation that may have been previously awarded from said date, and to continue without suspension unless future facts or circumstances should warrant the stopping of the award; and that payment be made pursuant to Ohio Revised Code Section 4123.58(A).
This Staff Hearing Officer finds that it is not necessary to consider the claimant's disability factors since the claimant has reached maximum medical improvement and is medically unable to perform an[y] sustained remunerative employment based upon the 10/12/2004 opinion by Waleed N. Mansour, M.D., the 1/19/2005 opinion by R. Scott Krupkin, M.D. and the 11/11/2004 opinion by John L. Dunne, D.O.
This Hearing Officer relies upon the case of State ex rel.Galion Mfg. Div. Dresser Industries, Inc. v. Haygood (1991),60 Ohio St. 3d 38, wherein the court states:
A claimant who has multiple allowed conditions is not required to show that each condition standing alone, is work prohibitive . . . While permanent total disability benefits may never be denied solely on the basis of medical evidence without consideration of the [State ex rel. Stephenson v. Indus.Comm. (1987), 31 Ohio St.3d 167] factors contained in the record, there are some situations where an award of such benefits may properly be based on medical factors alone. It would serve no practical purpose for the commission to consider nonmedical factors in extreme situations where medical factors alone preclude sustained remunerative employment, since nonmedical factors will not render the claimant any more or less . . . able to work.
The payment of permanent and total disability benefits is to commence on 10/12/2004, based on the injured worker's request that the permanent and total disability benefits commence on said date, and the opinion of Dr. Mansour cited above.
It is further ordered that the above award be allocated as follows: 100% of the award is to be paid under Claim Number 95-48501.
The allocation of this award is predicted upon the said opinions of Drs. Mansour, Krupkin and Dunne, all of whom attribute 100% of the injured workers' inability to work to this, the injured worker's sole industrial injury.
 {¶ 15} 11. Relator filed a motion for reconsideration on June 13, 2005, on the basis of newly and previously undiscoverable evidence. Specifically, relator attached the June 3, 2005 report from Dr. Dunne written in response to a letter and documentation sent to Dr. Dunne by relator on June 3, 2005. In that June 3, 2005 letter, Dr. Dunne noted that his November 11, 2004 report "is unfortunately too brief in retrospect." Dr. Dunne further noted that, "[w]hile I do not have specific recollection of the circumstances, there really can be no question in my mind that the letter [dated November 11, 2004], while too brief, is addressing Mr. Mihin's permanent inability to return to his job as a transport driver." With regard to Dr. Mansour's report, Dr. Dunne noted that he agreed with Dr. Mansour's opinion that claimant had significant impairment; however, he did not agree with Dr. Mansour's statement that all reasonable attempts to return to work have been exhausted. In conclusion, Dr. Dunne noted that claimant cannot return to his former position of employment as a truck driver, that claimant continues to suffer considerable pain and limited function solely as a result of the allowed conditions, but, that, he has "no knowledge of Mr. Mihin's current functional abilities." Dr. Dunne concluded that he believes that claimant continues to have enough residual capacity, that he is likely able to perform sedentary to light work at some level, but possibly not a 40-hour work week.
 {¶ 16} 12. Relator's request for reconsideration was denied by order of the commission mailed July 20, 2005.
 {¶ 17} 13. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 20} Three issues are raised in this mandamus action. First, relator asserts that the commission abused its discretion by denying its motion to depose Dr. Krupkin. Second, relator contends that the commission abused its discretion by granting PTD compensation to claimant. And third, relator contends that the commission abused its discretion by denying its motion for reconsideration. For the reasons that follow, the magistrate rejects all three of relator's arguments.
 {¶ 21} Relator had filed a motion seeking to depose Dr. Krupkin based upon what relator asserted was a substantial disparity between the reports of Drs. Krupkin and Reichert. The commission denied that motion after determining that no substantial disparity was established. The commission concluded that Drs. Krupkin and Reichert had simply disagreed as to what exertional level claimant was capable of performing at. The commission determined that the difference of medical opinions was more appropriately resolved through the normal course of the hearing process rather than through a deposition.
 {¶ 22} In reaching this determination, the commission cited the Supreme Court of Ohio's decision in State ex rel. Pate v.Indus. Comm., 97 Ohio St.3d 89, 2002-Ohio-5444. In that case, the claimant had applied for PTD compensation and moved to depose Dr. Brown on the basis that he had concluded that claimant was not removed from all sustained remunerative work activity. Claimant's treating physician had opined that she was permanently and totally disabled. The court noted that, while a substantial disparity among experts has been recognized as a legitimate factor for determining the reasonableness of a request to depose a physician, that the term "substantial disparity" is undefined within the context of permanent and total disability. The court noted that, in the context of PTD applications, it was more reasonable to consider the other two criteria provided in Ohio Adm. Code 4121-3-09(A)(6)(d), namely: (1) does a defect exists that can be cured by deposition?; and (2) is the disability hearing an equally reasonable option for resolution?
 {¶ 23} Relator does not contend that any defect exists in the report of Dr. Krupkin. Relator argues in the present case, the magistrate notes that, relative to the range of motion findings, Drs. Krupkin and Reichert reached similar results. Specifically:
 Dr. Krupkin Dr. Reichert flexion 60 degrees flexion 55 degrees extension 10 degrees extension 25 degrees right lateral bending 10 degrees right lateral bending 15 degrees left lateral bending 10 degrees left lateral bending 20 degrees
 {¶ 24} In terms of their relative findings, the magistrate finds that, even if the commission would have specifically considered whether there was a substantial disparity, that none existed. Furthermore, as the commission stated, the fact that Dr. Reichert concluded that claimant could perform some sedentary work while Dr. Krupkin opined that claimant could not, is more appropriately resolved through the normal course of the hearing process rather than through a deposition. As such, the magistrate rejects relator's first argument.
 {¶ 25} Secondly, relator contends that the commission abused its discretion by awarding claimant PTD compensation based solely upon the allowed conditions. Relator contends that the commission did not provide any explanation. For example, relator argues that the SHO did not specifically state that claimant's condition was permanent nor did the SHO specifically indicate that the reports cited were adopted and relied upon by the commission. This magistrate disagrees.
 {¶ 26} In the present case, the commission cited the medical reports of Drs. Dunne, Mansour and Krupkin. All three opined that claimant was not capable of performing remunerative work activity. The commission was not required to provide any further explanation relative to the doctors' reports. As the Supreme Court of Ohio stated in State ex rel. Galion Mfg. Div. DresserIndustries, Inc. v. Haygood (1991), 60 Ohio St.3d 38, it is not necessary for the commission to consider the nonmedical disability factors where the medical factors alone preclude sustained remunerative employment. Aside from relator's motion for reconsideration, which the magistrate is not considering at this moment, relator has not established that the medical reports upon which the commission relied were in any way defective. Further, even though the SHO did not specifically state that those reports were adopted, it is obvious those reports were relied upon. The commission listed those reports, indicated that claimant was found to have reached MMI and that he was medically unable to perform any sustained remunerative employment "basedupon" those reports. MMI is synonymous with a finding of permanency and again, it is clear that those reports were relied upon. As such, this argument of relator fails as well.
 {¶ 27} Lastly, relator argues that the commission should have granted its motion for reconsideration. Relator notes that Dr. Dunne repudiated his earlier conclusion that, in his opinion, claimant was permanently and totally disabled. In his later report, Dr. Dunne concluded that his prior opinion was too brief and that, what he really meant, was that claimant could not return to his former position of employment as a truck driver. Although Dr. Dunne noted that he did not have any knowledge of claimant's current functional abilities, he opined that claimant could likely perform sedentary to light work at some level.
 {¶ 28} If the commission would have only relied upon the November 11, 2004 report of Dr. Dunne for its conclusion that claimant was permanently and totally disabled based solely upon the allowed conditions, then this magistrate would agree with relator that the commission abused its discretion by denying its motion for reconsideration. However, the commission also relied upon the reports of Dr. Krupkin and Mansour who both opined that claimant was not capable of even sedentary work activity. As such, even if Dr. Dunne's November 11, 2004 report was removed from evidentiary consideration, the commission still had the reports of Drs. Krupkin and Mansour upon which it could rely to find that claimant was permanently and totally disabled.
 {¶ 29} Furthermore, the magistrate finds that Dr. Dunne's June 3, 2005 report is not necessarily clear. On the one hand, he opines that he has no current knowledge of claimant's functional abilities while, on the other hand, he opines that claimant could likely perform sedentary to light work at some level. Quite frankly, Dr. Dunne's June 3, 2005 report is not some evidence of claimant's current level of functioning.
 {¶ 30} Because there was other medical evidence upon which the commission relied to find that claimant was entitled to PTD compensation at the May 18, 2005 hearing, and because Dr. Dunne's June 3, 2005 report is not dispositive, the magistrate finds that relator has not demonstrated that the commission abused its discretion by denying its motion for reconsideration. Further, this court has stated that the commission is not required to provide any explanation when it denies a request for reconsideration. State ex rel. Extendicare Health Services, Inc.v. Indus. Comm., Franklin App. No. 03AP-1201, 2004-Ohio-5255. Relator's argument that since the commission must give reasons when it grants reconsideration, see State ex rel. Holdren v.Indus. Comm., 105 Ohio St.3d 291, 2005-Ohio-1734, is must give reasons when it refuses. Granting reconsideration of a "final" order is inherently different from denying reconsideration of a "final" order.
 {¶ 31} Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion in denying its motion to depose Dr. Krupkin, in granting claimant PTD compensation, and in denying relator's motion for reconsideration. As such, this court should deny relator's request for a writ of mandamus.