DECISION
{¶ 1} Relator, International Truck and Engine Corporation, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting permanent total disability *Page 2 
("PTD") compensation to claimant, Grace A. Bohler, and ordering the commission to find that claimant is not entitled to such compensation.
 {¶ 2} This court referred the matter to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision. Relator raises many of the same arguments previously addressed by the magistrate, including the contention that Dr. Patricia Southworth's report is insufficient to establish that claimant is permanently and totally disabled, and that the staff hearing officer ("SHO") erred in failing to consider any of the disability factors. The magistrate addressed those issues, finding that the commission did not err in relying upon the report of Dr. Southworth to establish PTD. The magistrate further found that, because the commission determined that claimant was entitled to PTD compensation based solely on the allowed conditions, it was not required to consider the non-medical disability factors.
 {¶ 4} Upon review, we agree with the magistrate that the February 25, 2004 report of Dr. Southworth constitutes "some evidence" upon which the commission could properly rely to support the PTD award. Further, having relied on Dr. Southworth's conclusion that claimant was physically incapable of engaging in sustained remunerative employment, we agree with the magistrate that the commission was not required to give consideration to the non-medical disability factors. See State ex rel.Frigidaire, Inc. v. Indus. Comm. (1994), 70 Ohio St.3d 166, 168 ("[t]he commission's reliance on evidence of a medical incapacity for work dispenses with the need for an evaluation of the *Page 3 
commission's treatment of claimant's nonmedical factors"); State ex rel.Galion Mfg. Div., Dresser Industries, Inc. v. Haygood (1991),60 Ohio St.3d 38, 40.
 {¶ 5} Relator also contends that the magistrate erred in citing a second report from Dr. Southworth (dated March 31, 2004) not mentioned by the commission, as well as citing the reports of Drs. Gerald S. Steiman and James Rutherford in support of the commission's determination. However, because we find that Dr. Southworth's February 25, 2004 report alone constitutes some evidence to support the commission's decision, relator's challenges to the magistrate's reference to a second report by Dr. Southworth, and to the reports of two other physicians, are unavailing.
 {¶ 6} Based upon the foregoing, we overrule relator's objections to the magistrate's decision and adopt the recommendation of the magistrate. Relator's request for a writ of mandamus is hereby denied.
Objections overruled; writ denied.
 KLATT and FRENCH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION {¶ 7} Relator, International Truck and Engine Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial *Page 5 
Commission of Ohio ("commission"), to vacate its order which granted permanent total disability ("PTD") compensation to claimant, Grace A. Bohler, and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury during the course of her employment and her claim has been allowed for "bilateral wrist tendonitis and bilateral wrist neuritis; bilateral shoulder tendonitis with impingements; partial thickness tear of the right rotator cuff; right shoulder sprain; bilateral forearm tendonitis; left lateral epicondylitis; and bilateral carpal tunnel syndrome."
 {¶ 9} 2. Claimant has had three surgeries: lateral epicondyle of the left elbow in October 1996; right rotator cuff repair in April 1998; and left shoulder and rotator acromioplasty in July 1998. Claimant returned to work after each of these procedures. The medical reports in the record indicate that claimant has continued to have pain in both her shoulders, her left elbow and both wrists. Claimant last worked in July 2002.
 {¶ 10} 3. Claimant filed an application for PTD compensation on May 19, 2004. At the time she was 56 years old, indicated she had obtained her GED in 1971, indicated that she had received specialized training including food service certificate, welding, and blueprint classes. Claimant also indicated she could read, write, and perform basic math. Claimant's prior work experience included using an adding machine, operating a cash register and credit card machine, writing and reading food orders, she had owned and operated her own restaurant and had worked as a waitress. During her employment with relator herein, claimant worked welding truck frames, hanging doors, welding, drilling, riveting, grinding, and painting. *Page 6 
 {¶ 11} 4. In support of her application, claimant submitted the February 25, 2004 report of her treating physician, Patricia Southworth, M.D. Dr. Southworth noted that claimant had been under her care since August 1995, that claimant had been found to be permanently and totally disabled by the Social Security Administration, and concluded that claimant was permanently and totally disabled as a result of the allowed conditions in her claim. Claimant also submitted the March 31, 2004 report of Dr. Southworth who indicated that claimant continues to have a lot of pain in both upper extremities and that her hands are always swollen. Dr. Southworth indicated that claimant's pain increases to the point where she needs to stop doing activities. She indicated that claimant can use her arms for a short amount of time and then needs to stop.
 {¶ 12} 5. Claimant was examined by James Rutherford, M.D., on July 29, 2004. In his report dated August 5, 2004, Dr. Rutherford noted his physical finding and ultimately concluded that claimant had reached maximum medical improvement ("MMI"), assessed a 25 percent whole person impairment, and opined that claimant could perform some sedentary work with restrictions. Specifically, Dr. Rutherford indicated that claimant can lift only ten pounds occasionally, can do no work above shoulder activity with either her left or right upper extremity, that claimant can do no repetitive pushing or pulling with either upper extremity, that claimant cannot do any rapid or repetitive production type activities that involve flexion or extension of either wrist or hand.
 {¶ 13} 6. Claimant was also examined by Gerald S. Steiman, M.D., who issued a report dated July 6, 2004. Dr. Steiman noted that claimant had not been able to work since July 2002, at which time she was working as an inspector and her job involved lifting weights of seven pounds. Dr. Steiman reviewed the medical evidence in the *Page 7 
record, provided his physical findings on examination, and concluded that claimant had reached MMI, assessed a 24 percent whole person impairment, and opined that claimant could perform sedentary work with restrictions. Those restrictions included using her hands for simple grasping for less than one hour per day, as well as no elevation of her arms above chest level, no use of hand or power tools, and lifting weights under ten pounds.
 {¶ 14} 7. William T. Cody provided a vocational assessment dated September 22, 2004. Based upon Dr. Rutherford's restrictions that claimant can do no repetitive pushing or pulling with either upper extremity and that she cannot do any rapid or repetitive production-type activities involving either wrist or hand, and Dr. Steiman's restriction that claimant can use her hands for simple grasping for less than one hour per day, Mr. Cody opined that there is no work which claimant could perform which is either unskilled or semi-skilled within those restrictions.
 {¶ 15} 8. An employability assessment report was prepared by Deanna Arbuckle dated November 10, 2004. Ms. Arbuckle noted that, at age 54, claimant would have a minimum of ten years remaining in standard work life expectancy, that her GED would be considered high school and above by the commission, that her GED and her prior work in several positions, including as a manager of her own restaurant, would be an asset to her ability to learn new tasks and job demands and that she was capable of some sustained remunerative employment in the areas of surveillance at an airport and/or as a bus monitor.
 {¶ 16} 9. Claimant's application for PTD compensation was heard before a staff hearing officer ("SHO") on June 29, 2005, and resulted in an order granting that *Page 8 
compensation. The SHO specifically relied upon the report of Dr. Southworth, who had opined that claimant was permanently and totally disabled. Further, the SHO concluded that claimant's PTD compensation should begin on February 25, 2004, the date of Dr. Southworth's report. Furthermore, because the SHO concluded that claimant was permanently and totally disabled solely as a result of the allowed medical conditions in her claim, pursuant to State ex rel. Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757, the SHO determined that it was not necessary to discuss or analyze claimant's nonmedical disability factors.
 {¶ 17} 10. Relator's request for reconsideration was denied by order of the commission mailed August 25, 2005.
 {¶ 18} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be *Page 9 
given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State exrel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 {¶ 21} In this mandamus action, relator argues that the commission abused its discretion in granting PTD compensation to claimant. Specifically, relator contends that Dr. Southworth's one-paragraph letter cannot constitute some evidence upon which the commission could rely, that the commission ignored all of the other evidence in the file and that the commission should have considered the nonmedical disability factors. Further, relator argues that claimant's upper extremity limitations simply are not severe enough to prevent her from performing some type of job and that the commission clearly abused its discretion by so finding without any further explanation. For the reasons that follow, the magistrate finds that relator's arguments lack merit.
 {¶ 22} It is undisputed that questions of credibility and the weight to be given evidence are clearly within the discretion of the commission and fact finder. State ex rel. *Page 10 Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165. Furthermore, it is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's. State exrel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373.
 {¶ 23} In the present case, relator does not argue that Dr. Southworth's reports are in any way defective. Upon review, the magistrate finds that Dr. Southworth's reports do constitute "some evidence" upon which the commission could properly rely. The fact that the commission did not rely upon the reports of either Drs. Rutherford or Steiman, does not constitute an abuse of discretion. However, even those doctors indicated that claimant would have significant restrictions. Dr. Steiman restricted claimant to using her hands for simple grasping for less than one hour per day and Dr. Rutherford indicated claimant could not do any work above shoulder level, could not do any repetitive pushing or pulling and could not do any rapid or repetitive activities with her hands. Clearly, all of the medical evidence indicates that claimant does have significant limitations regarding the use of her hands and it was not an abuse of discretion for the commission to conclude that, based upon that medical evidence, claimant was permanently and totally disabled. Furthermore, because the commission determined that claimant was entitled to PTD compensation based solely upon the allowed conditions in her claim, the commission was not obligated to consider the nonmedical disability factors. Because the magistrate finds no error or defect on the face of Dr. Southworth's reports, the commission's reliance upon those reports does not constitute an abuse of discretion.
 {¶ 24} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion and relator's request for a writ of mandamus should be denied. *Page 1